1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9

10
MICHAEL B. WILLIAMS,              ) 1:11-cv—00049-SKO-HC
11                                 )
                  Petitioner,      ) ORDER DISMISSING THE PETITION
12                                 ) (Doc. 1) AND DECLINING TO ISSUE A
                                   ) CERTIFICATE OF APPEALABILITY
13     v.                          )
                                   ) ORDER DIRECTING THE CLERK TO
14 PAM AHLIN, Executive Director )  CLOSE THE CASE AND TO SEND TO
   of the Coalinga State           ) PETITIONER A BLANK CIVIL RIGHTS
15 Hospital,                       ) COMPLAINT FORM
                                   )
16                Respondent.      )
                                   )
17 _____)

18
        Petitioner is a civil detainee proceeding pro se and in
19
forma pauperis with a petition for writ of habeas corpus pursuant
20
to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1),
21
Petitioner has consented to the jurisdiction of the United States
22
Magistrate Judge to conduct all further proceedings in the case,
23
including the entry of final judgment, by manifesting consent in
24
a signed writing filed by Petitioner on January 18, 2011 (doc.
25
4).  Pending before the Court is the petition, which was filed on
26
January 11, 2011.
27
///
28

                                   1

1    I. <u>Screening the Petition</u>

2         Rule 4 of the Rules Governing § 2254 Cases in the United

3    States District Courts (Habeas Rules) requires the Court to make

4    a preliminary review of each petition for writ of habeas corpus.

5    The Court must summarily dismiss a petition "[i]f it plainly

6    appears from the petition and any attached exhibits that the

7    petitioner is not entitled to relief in the district court...."

8    Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.

9    1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.

10   1990).  Habeas Rule 2(c) requires that a petition 1) specify all

11   grounds of relief available to the Petitioner; 2) state the facts

12   supporting each ground; and 3) state the relief requested.

13   Notice pleading is not sufficient; rather, the petition must

14   state facts that point to a real possibility of constitutional

15   error.  Rule 4, Adv. Comm. Notes, 1976 Adoption; <u>O'Bremski v.</u>

16   <u>Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S.

17   63, 75 n. 7 (1977)).

18        Further, the Court may dismiss a petition for writ of habeas

19   corpus either on its own motion under Rule 4, pursuant to the

20   respondent's motion to dismiss, or after an answer to the

21   petition has been filed.  Advisory Committee Notes to Habeas Rule

22   8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43

23   (9th Cir. 2001).

24   II. <u>Conditions of Confinement</u>

25        A federal court may only grant a petition for writ of habeas

26   corpus if the petitioner can show that "he is in custody in

27   violation of the Constitution or laws or treaties of the United

28   States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the

2

correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriquez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1.

Petitioner, a patient and civil detainee who is involuntarily confined at the Coalinga State Hospital, sues the hospital and two individual supervisors for monetary, declaratory, and injunctive relief, including wages and overtime compensation for labor that Petitioner alleges he was forced to perform in the hospital.  (Pet. 1, 4.)  Petitioner seeks to have the Court certify his lawsuit as a class action.  (Pet. 25.) Petitioner alleges that his rights under the Thirteenth Amendment were violated, and he further proceeds under the Fair Labor Standards Act, 29 U.S.C. § 201.  (Pet. 4, 8.)

Petitioner's allegations concern his conditions of confinement; his allegations do not concern the legality or duration of his confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and the petition must be dismissed.

Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk will be directed to send an appropriate complaint form to Petitioner.

1        III.   <u>Certificate of Appealability</u>

2        Unless a circuit justice or judge issues a certificate of

3   appealability, an appeal may not be taken to the Court of Appeals

4   from the final order in a habeas proceeding in which the

5   detention complained of arises out of process issued by a state

6   court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

7   U.S. 322, 336 (2003).  A certificate of appealability may issue

8   only if the applicant makes a substantial showing of the denial

9   of a constitutional right.  § 2253(c)(2).  Under this standard, a

10  petitioner must show that reasonable jurists could debate whether

11  the petition should have been resolved in a different manner or

12  that the issues presented were adequate to deserve encouragement

13  to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

14  (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

15  certificate should issue if the Petitioner shows that jurists of

16  reason would find it debatable whether the petition states a

17  valid claim of the denial of a constitutional right and that

18  jurists of reason would find it debatable whether the district

19  court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

20  529 U.S. 473, 483-84 (2000).  In determining this issue, a court

21  conducts an overview of the claims in the habeas petition,

22  generally assesses their merits, and determines whether the

23  resolution was debatable among jurists of reason or wrong.  <u>Id.</u>

24  It is necessary for an applicant to show more than an absence of

25  frivolity or the existence of mere good faith; however, it is not

26  necessary for an applicant to show that the appeal will succeed.

27  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

28        A district court must issue or deny a certificate of

                                    4

appealability when it enters a final order adverse to the
applicant.  Habeas Rule 11(a).

      Here, it does not appear that reasonable jurists could
debate whether the petition should have been resolved in a
different manner.  Petitioner has not made a substantial showing
of the denial of a constitutional right.  Accordingly, the Court
will decline to issue a certificate of appealability.

      IV.  Disposition

      Accordingly, it is ORDERED that:

      1) The petition for writ of habeas corpus is DISMISSED; and

      2) The Clerk is DIRECTED to close the case; and

      3) The Court DECLINES to issue a certificate of
appealability; and

      4) The Clerk is DIRECTED to send to Petitioner a civil
rights complaint form for a person in custody.

IT IS SO ORDERED.

**Dated:   February 3, 2011**                    **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE