UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL B. WILLIAMS, | ) | 1:11-cv-00049-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| | ) | (Docs. 11, 6) |
| v. | ) | |
| | ) | |
| PAM AHLIN, Executive Director | ) | |
| of the Coalinga State | ) | |
| Hospital, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Petitioner is a civil detainee who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on January 18, 2011 (doc. 4).

    On February 4, 2011, the Court dismissed the petition because it did not state a claim that would entitle Petitioner to

1

relief in a proceeding pursuant to 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion for reconsideration of the dismissal of his petition, filed on February 17, 2011. Plaintiff states that he is proceeding pursuant to 28 U.S.C. § 2241, which he contends confers jurisdiction over the petition.

I. Jurisdiction to Consider the Motion for Reconsideration

On February 11, 2011, after the judgment of dismissal was entered but before the motion for reconsideration was filed, Petitioner filed a notice of appeal.[1]

A motion for reconsideration is generally treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order. American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 989-99 (9th Cir. 2001).

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Depending on the grounds for the motion, a motion for relief from a judgment pursuant to Rule 60(b) must be filed within a reasonable time or within a year. Fed. R. Civ. P. 60(c). Petitioner's motion was filed thirteen (13) days after the judgment of dismissal was entered. It is therefore timely under either category of

---

[1] Petitioner states in his motion for reconsideration that he is withdrawing his notice of appeal because the order of the Magistrate Judge is not appealable.

2

motions.

Fed. R. App. P. 4, which sets time limits for filing a notice of appeal, provides that if a party files either a Rule 59(e) motion or a Rule 60(b) motion no later than twenty-eight (28) days after judgment, the time to file an appeal runs for all parties from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv), (vi).  Either motion thus tolls the time for filing an appeal.

Here, the motion was filed after Petitioner filed his notice of appeal.  However, it is established that a district court retains subject matter jurisdiction to rule on a tolling motion even though a notice of appeal has been previously filed. Tripati v. Henman, 845 F.2d 205, 206 (9th Cir. 1988).

The Court concludes that it has jurisdiction to consider Petitioner's motion for reconsideration.

II. Motion for Reconsideration

A. Motion pursuant to Rule 59(e)

In an abundance of caution, the Court will consider the motion under both Rules 59(e) and 60(b).  See, United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1130 (E.D. Cal. 2001).

Petitioner does not appear to state grounds sufficient to warrant relief pursuant to Fed. R. Civ. P. 59(e), which is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes.  School Dist. No. 1J, Multnomah County, Oregon v. Acands, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  To avoid being frivolous, such a motion must provide a valid ground for

reconsideration.  See, MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).  Here, there is no claim of new evidence, highly unusual circumstances, or a change in controlling law.  Further, Petitioner has not demonstrated clear error.

In the petition, Petitioner, a patient and civil detainee who is involuntarily confined at the Coalinga State Hospital, sued the hospital and two individual supervisors for monetary, declaratory, and injunctive relief, including wages and overtime compensation for labor that Petitioner alleged he was forced to perform in the hospital. (Pet. 1, 4.)  Petitioner sought to have the Court certify his lawsuit as a class action. (Pet. 25.) Petitioner alleged that his rights under the Thirteenth Amendment were violated, and he further proceeded under the Fair Labor Standards Act, 29 U.S.C. § 201. (Pet. 4, 8.)

The Court concluded that Petitioner's allegations concerned his conditions of confinement, and not the legality or duration of his confinement.  Thus, the petition was dismissed as not stating a claim warranting relief under 28 U.S.C. § 2254.

Petitioner argues that he proceeded pursuant to 28 U.S.C. § 2241, and that § 2241 confers upon this Court jurisdiction over his petition.

Title 28 U.S.C. § 2241 provides in pertinent part:

>    (c)  The writ of habeas corpus shall not extend to a prisoner unless-
>
>       1) He is in custody under or by color of the authority of the United States of is committed for trial before some court thereof; or
>
>       2)  He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order,

4

```
        process, judgment or decree of a court or judge of
        the United States; or

            3)  He is in custody in violation of the Constitution
        or laws or treaties of the United States; or

            4) He, being a citizen of a foreign state and
        domiciled therein is in custody for an act done or
        omitted under any alleged right, title, authority,
        privilege, protection, or exemption claimed under
        the commission, order, or sanction of any foreign
        state, or under color thereof, the validity and
        effect of which depend upon the law of nations; or

            5)  It is necessary to bring him into court
        to testify or for trial.
```

28 U.S.C. § 2241(c).

The only possible category for the claim or claims of Petitioner is pursuant to § 2241(c) because Petitioner is not confined under federal process, a citizen of a foreign state, or needed for purposes of testimony or trial.

Petitioner alleges that the court which entered the judgment in question was the San Francisco Superior Court. (Pet. 1.) Petitioner also alleges that he need not exhaust his administrative remedies because a detainee who is civilly committed pursuant to California's Sexually Violent Predators Act (Cal. Welf. & Inst. Code, § 6600 et seq.) after completing a prison term need not exhaust administrative remedies. (Pet. 5.) Although Petitioner does not directly allege the basis for his confinement, it thus appears that Petitioner has been involuntarily committed as a sexually violent predator after completing a prison term.

A review of California's statutes shows that the procedures for commitment of an allegedly violent, sexual predator include evaluation of the prisoner by experts, referral of the matter to

5

a county attorney to file a petition for commitment in the superior court of the county where the prisoner was convicted, consideration by the court of the petition, trial by the court or jury, and commitment pursuant to the superior court's order of commitment. Cal. Welf. & Inst. Code §§ 6601(d) and (h), 6601.5, 6603-6604.1, 6602.

Title 28 U.S.C. § 2254(a) extends subject matter jurisdiction to the federal courts over applications on behalf of persons in custody pursuant to state court judgments on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Custody stemming from an involuntary civil commitment is sufficient to constitute "custody" for purposes of 28 U.S.C. § 2254. Duncan v. Walker, 533 U.S. 167, 176 (2001). Further, it is established in this circuit that a state civil detainee under an involuntary civil commitment scheme appropriately uses a § 2254 habeas petition to challenge the legality of a term of confinement. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005).

Additionally, a person detained as a result of a state court judgment who files a federal habeas petition must proceed pursuant to § 2254. In White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004), overruled on other grounds in Hayward v. Marshall, 603 F.3d 546 (2010), a state prisoner challenged an administrative decision of prison authorities concerning transfer of the prisoner to a private prison. The prisoner argued that he could proceed pursuant to § 2241. The court held that a petitioner who at the time the petition is filed is in custody

6

pursuant to a state court judgment must proceed pursuant to § 2254 instead of § 2241 even if the challenge is to an allegedly unconstitutional administrative decision of prison authorities. White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). In the course of a review of the pertinent case authority and the legislative history of the habeas statutes, the court described the interaction between § 2254 and § 2241 as follows:

> The plain text of the two statutes, 28 U.S.C. § 2241 and 28 U.S.C. § 2254, both appear to apply to White's petition. Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). The relevant sub-section of 28 U.S.C. § 2254 confers jurisdiction on a district court to issue "a writ of habeas corpus in behalf of a person in <u>custody pursuant to the judgment of a State court</u>... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).
>
> Although the text of either statute would appear to confer jurisdiction, a proper understanding of the interaction between 28 U.S.C. § 2241 and 28 U.S.C. § 2254 leads us to the conclusion that they apply in different situations. Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." (Citations omitted.)

White v. Lambert, 370 F.3d 1002, 1005-06. The court concluded that § 2254 limits § 2241 with respect to state prisoners and that § 2254 "is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention...." White v. Lambert, 370 F.3d 1002, 1006-07.

///

Here, because Petitioner was in custody pursuant to a state court judgment at the time he filed his petition, Petitioner must proceed pursuant to 28 U.S.C. § 2254.  Thus, the Magistrate Judge did not erroneously assume that Petitioner was proceeding pursuant to 28 U.S.C. § 2254.

A petitioner proceeding pursuant to § 2254 can raise only challenges to the legality or duration of his confinement; he cannot raise complaints concerning conditions of confinement. Instead, the petitioner must raise such claims in an action pursuant to 42 U.S.C. § 1983.  28 U.S.C. § 2254(a); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 485, 499 (1973)); McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Advisory Committee Notes to Habeas Rule 1.

Petitioner sought damages and other relief relating to wages for work performed during confinement.  His suit relates to conditions of confinement.  Thus, the Magistrate Judge did not clearly err in dismissing the petition for failure to state a claim entitling Petitioner to habeas corpus relief.

The Court concludes that Petitioner is not entitled to relief pursuant to Rule 59(e) with respect to the Court's determination that Petitioner is proceeding pursuant to § 2254 and that he failed to state claims cognizable in such a proceeding.

### B. Rule 60

Fed. R. Civ. P. 60 applies to habeas proceedings only to the extent that application is not inconsistent with the applicable federal statutes and rules.  Gonzalez v. Crosby, 545 U.S. 524,

529 (2005) (challenge to dismissal of a § 2254 petition for untimeliness). Although successive petitions are limited by statute, it is appropriate to consider a Rule 60(b) motion as such in a § 2254 proceeding where a petitioner uses the vehicle not to allege a claim or to attack the substance of the federal court's resolution of a claim on the merits, but rather to challenge a ruling that precluded a merits determination and thereby to raise some defect in the integrity of the federal habeas proceedings, such as failure to exhaust, procedural default, or statute of limitations. Id. at 532, 538.

Here, Petitioner challenges the Court's determination that Petitioner's claim or claims are not cognizable in a habeas proceeding pursuant to § 2254. The Court will assume that Rule 60(b) is appropriately applied in Petitioner's case.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on various grounds, including 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud or misconduct by an opposing party; 4) a void judgment; 5) a satisfied judgment; or 6) any other reason that justifies relief from the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and with respect to the first three grounds, no more than a year after the entry of the judgment, order, or proceeding. Fed. R. Civ. P. 60(c). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441

(D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Further, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," as well as "why the facts or circumstances were not shown at the time of the prior motion."

Here, Petitioner has not established any basis for relief pursuant to Fed. R. Civ. P. 60(b) with respect to the Court's treatment of the petition as a petition pursuant to § 2254 or its conclusion that Petitioner's claims were not cognizable in a proceeding pursuant to § 2254.

### C. Supplemental Jurisdiction

Petitioner argues that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  However, § 1367

applies only in cases in which the district court has original jurisdiction; if the Court does not have original jurisdiction over the petition, then it cannot have supplemental jurisdiction. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Here, the Court's analysis of the jurisdictional limits of § 2254 demonstrates that this Court does not have original jurisdiction pursuant to § 2254. Accordingly, it does not have supplemental jurisdiction.

### D. Magistrate Judge Jurisdiction

Petitioner argues that the Magistrate Judge erred in entering a final order because the Respondent did not consent in writing. Petitioner appears to be arguing that the judgment was void for lack of jurisdiction.

On January 18, 2011, Petitioner filed a form in which he stated he voluntarily consented to the jurisdiction of the Magistrate Judge to conduct all further proceedings in his case. (Doc. 4.) The form was signed and dated January 17, 2011. The consent form advised Petitioner that the Magistrate Judge had been randomly assigned, and that without the written consent of the parties presently appearing pursuant to 28 U.S.C. § 636(c), the Magistrate Judge could not conduct all proceedings and enter judgment in the case with direct review by the Ninth Circuit Court of Appeals if an appeal were filed. (Id.)

The petition was dismissed during the initial screening stage pursuant to the Court's obligation to examine and dismiss a petition if it plainly appears that the petitioner is not entitled to relief. See, Rules Governing Section 2254 Cases in

the United States District Courts (Habeas Rules), Rule 4. The docket reflects that at the time of the dismissal, the named respondent had not appeared in the action.

A final judgment is "void" for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction over the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law. United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999).

Title 28 U.S.C. § 636(c) provides:

> (c) Notwithstanding any provision of law
> to the contrary–
>     (1) Upon the consent of the parties,
> a full-time United States magistrate judge
> or a part-time United States magistrate judge
> who serves as a full-time judicial officer
> may conduct any or all proceedings in a jury
> or nonjury civil matter and order the entry
> of judgment in the case, when specially designated
> to exercise such jurisdiction by the district
> court or courts he serves.

Fed. R. Civ. P. 73 permits Magistrate Judges to conduct civil actions or proceedings, including trials, where all parties jointly or separately file a statement of consent. Fed. R. Civ. P. 73(a)-(b).

Rule 301 of the Local Rules of the United States District Court for the Eastern District of California (Local Rules) provides:

> Upon the consent of all appearing parties, the
> Magistrate Judges are specially designated to
> conduct any and all proceedings in any civil action,

12

    including the conduct of jury or nonjury trials, and to order the entry of final judgments, in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(a) and (c).

In Neals v. Norwood, 59 F.3d 530 (5th Cir. 1995), the plaintiff sued pursuant to 42 U.S.C. § 1983 for the failure of prison officials to protect him. The plaintiff consented to the jurisdiction of the Magistrate Judge to conduct the proceeding by submitting a signed consent form. The court held an evidentiary hearing and dismissed the complaint because the evidence showed only negligence, which was insufficient to support the plaintiff's § 1983 claim. On appeal, the plaintiff apparently contended that the Magistrate Judge lacked the authority to dismiss the case because the other parties to the case had not consented. The court reviewed § 636(c) and stated:

> When a magistrate judge enters judgment pursuant to this statute, absence of the appropriate consent and reference or special designation order results in a lack of jurisdiction (or at least fundamental error that may be complained of for the first time of appeal). Mendes Jr. Int'l Co. v. M/V Sokai Maru, 978 F.2d 920, 924 (5th Cir.1992). The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter.

Neals v. Norwood, 59 F.3d 530, 532.

The cases cited by Petitioner involve facts that are different from those in the instant case. In Aldritch v. Bowen,

13

130 F.3d 1364, 1364-65 (9th Cir. 1997), there was no written consent of any party.  In Nasca v. Peoplesoft, 160 F.3d 578-79 (9th Cir. 1998), there was no written consent; the court held that consent must be explicit and cannot be inferred from the parties' failure to object.  In Holbert v. Idaho Power Co., 195 F.3d 452 (9th Cir. 1999), there was no explicit, written consent of the parties that had been communicated to the clerk.  In Hajek v. Burlington NRR Co., 186 F.3d 1105 (9th Cir. 1999), the court found insufficient to constitute consent the statement of one defendant, who had appeared in the action, that at that particular time it was not believed that any special procedures were required or appropriate.  The court concluded that waiver of a right to an Article III judge, failure to object, or estoppel could not confer jurisdiction in the absence of unequivocal consent.  In each of these cases, there was a defect in the form of consent.  In contrast, here, the Petitioner filed his express, unequivocal, written consent with the clerk.

The Court concludes that Petitioner has not shown that the Magistrate Judge lacked jurisdiction due to the absence of consent from the named respondent, who has not appeared in this action.

### E. Jurisdiction to Deny Petitioner's Motion for Injunctive Relief

Petitioner contends that the Magistrate Judge lacked jurisdiction to dismiss as moot Petitioner's motion for injunctive relief because pursuant to 28 U.S.C. § 636(b)(1)(A), a District Judge cannot designate a Magistrate Judge to hear and

determine a motion for injunctive relief.

However, § 636(b)(1)(A) addresses the power of a District Judge to designate, in the absence of consent, a Magistrate Judge to "hear and determine" a motion for injunctive relief. In contrast, in the present case, Petitioner consented to the Magistrate Judge's exercise of authority. Where a petitioner has consented to the Magistrate Judge's conducting all further proceedings in Petitioner's case, the limitations of § 636(b)(1)(A) do not apply. See, e.g., Irwin v. Mascott, 370 F.3d 924, 929-31 (9th Cir. 2004).

### F. Certificate of Appealability

Petitioner appears to contend (mot. 4:7-17) that the Court erred in determining that Petitioner was not entitled to a certificate of appealability because a certificate of appealability is not required to appeal the denial of a petition brought under § 2241. See, Forde v. United States Parole Commission, 114 F.3d 878, 879 (9th Cir. 1997). The plain language of § 2253(c)(1) does not require a certificate with respect to an order that is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. Id. However, where the detention arises out of process issued by a state court, even if the petition is filed pursuant to 28 U.S.C. § 2241, a certificate is required by the terms of 28 U.S.C. § 2253(c)(1)(A). Wilson v. Belleque, 554 F.3d 816, 824-25 (9th Cir. 2009).

Here, Petitioner appears to be proceeding pursuant to a California court's order or judgment that he be civilly committed

15

as a sexually violent predator. The Court properly considered and determined whether a certificate of appealability should have issued and concluded that Petitioner did not meet the standard requirements for the issuance of a certificate of appealability. Accordingly, Petitioner has not shown grounds for relief with respect to the Magistrate Judge's ruling regarding the certificate of appealability.

In summary, because Petitioner has not shown he has valid grounds for relief, the Court will deny Petitioner's motion for reconsideration of the order of dismissal and his associated prayer to vacate the order dismissing his motion for injunctive relief as moot.[2]

III. Disposition

Accordingly, it is ORDERED that Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   April 21, 2011**                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] It appears that Petitioner's appeal has been docketed in the Court of Appeals for the Ninth Circuit (doc. 10). Accordingly, this Court will not consider Petitioner's request to withdraw his appeal. See, Fed. R. App. P. 42 (permitting the district court in stated circumstances to dismiss an appeal before the appeal is docketed by the Circuit Clerk).